UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

THE ANNUITY, PENSION, WELFARE and TRAINING
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, by its TRUSTEES
EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN
CRONIN, DON DeNARDO, JOHN HYERS, DANIEL
NOESGES, DENISE M. RICHARDSON and JOHN F. O'HARE,

**COMPLAINT**

Plaintiffs,



CV-09-

**CV10- 0418**

**VITALIANO, J.**

-against-

NAVILLUS TILE, INC.,

**MANN. M.J.**

Defendant.

-------------------------------------------------------------------------X

     Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

     1.    This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to employee fringe benefit trust funds.

### JURISDICTION

     2.    The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

     3.    Venue is properly laid in the Eastern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

PENSION, WELFARE and TRAINING FUNDS of the INTERNATIONAL UNION OF

OPERATING ENGINEERS, LOCAL 14-14B, AFL-CIO ("LOCAL 14") are administered at

141-57 Northern Boulevard located in Flushing, County of Queens, State of New York.

## THE PARTIES

4.    The LOCAL 14 ANNUITY, PENSION, WELFARE and TRAINING FUNDS (hereinafter collectively referred to as the "LOCAL 14 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186. The Trustees of the LOCAL 14 TRUST FUNDS maintain the subject plans at offices located at 141-57 Northern Boulevard, Flushing, New York 11354.

5.    EDWIN L. CHRISTIAN, CHRIS CONFREY, JOHN CRONIN, DON DeNARDO, JOHN HYERS, DANIEL NOESGES, DENISE M. RICHARDSON and JOHN F. O'HARE are Trustees of the LOCAL 14 ANNUITY, PENSION, WELFARE and TRAINING FUNDS.

6.    The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to employees.

7.    The LOCAL 14 WELFARE and TRAINING FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and other benefits to the employees of contributing employers.

8.    The LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.    Upon information and belief, Defendant NAVILLUS TILE, INC. ("NAVILLUS") was and still is a New York corporation, with its principal place of business located at 53-18 11th Street, Long Island City, New York 11101.

10.     Upon information and belief, Defendant NAVILLUS was and still is a foreign corporation duly licensed to do business in the State of New York.

11.     Upon information and belief, Defendant NAVILLUS was and still is a foreign corporation doing business in the State of New York.

12.     Upon information and belief, Defendant NAVILLUS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### AS AND FOR A FIRST CAUSE OF ACTION

13.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 12 inclusive, with the same force and effect as though more fully set forth at length herein.

14.     At all relevant times, Defendant NAVILLUS agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 14 known as the "Building Construction Agreement" as a result of its status as a member of the Building Contractors Association, Inc. (hereinafter the "Collective Bargaining Agreement").

15.     LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 141-57 Northern Boulevard, Flushing, New York.

16.     In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing the LOCAL 14 TRUST FUNDS, Defendant NAVILLUS consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required fringe benefit contributions to the LOCAL 14 TRUST FUNDS in accordance with the Collective Bargaining Agreement for the period of July 1, 2005 through June 30, 2008.

17.    That on or about December 16, 2009, the results of said audit were detailed by the auditor for the LOCAL 14 TRUST FUNDS which determined that Defendant NAVILLUS had failed to provide the contractually required fringe benefit contributions for the period of July 1, 2005 through June 30, 2008 in the amount of $33,483.38.

18.    Upon information and belief, Defendant NAVILLUS has failed to make the contractually required fringe benefit contributions to the LOCAL 14 TRUST FUNDS for the period of July 1, 2005 through June 30, 2008 in the amount of $33,483.38 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

19.    Upon information and belief, Defendant NAVILLUS may owe additional contributions for the period of July 1, 2008 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of July 1, 2008 through Present cannot be determined because said Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

20.    Despite repeated efforts by the LOCAL 14 TRUST FUNDS to collect the contributions owed, Defendant NAVILLUS remains delinquent in making the proper contributions and has failed to pay any portion of the outstanding contributions owed to the LOCAL 14 TRUST FUNDS as detailed above.

21.    Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff

Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

22.      Accordingly, as a direct and proximate result of Defendant NAVILLUS'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant NAVILLUS is liable to the Plaintiffs in the amount of no less than $33,483.38 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

23.      Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 22 inclusive, with the same force and effect as though more fully set forth at length herein.

24.      Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 14 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 14 TRUST FUNDS.

25.      Pursuant to the terms of the Trust Agreements establishing the LOCAL 14 TRUST FUNDS, the Collective Bargaining Agreement and ERISA, Plaintiffs are entitled to audit the books and records of Defendant NAVILLUS.

26.     Upon information and belief, Defendant NAVILLUS may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of July 1, 2008 through Present.

27.     Plaintiffs therefore demand an audit of Defendant NAVILLUS'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1.     Of Defendant NAVILLUS TILE, INC. in the amount of contributions determined to be due and owing to the LOCAL 14 TRUST FUNDS of $33,483.38, plus any additional monies that may be determined to become justly due and owing to the LOCAL 14 TRUST FUNDS during the pendency of this action and before final judgment, together with:

a.     Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b.     Statutory or liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.     Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.     Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1.     An order requiring Defendant NAVILLUS TILE, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

2.      Such other and further relief as the Court may deem just and proper in accordance

with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       January 15, 2010

                        Yours, etc.

                        BRADY McGUIRE & STEINBERG, P.C.


                   By:  James M. Steinberg (JS-3515)
                        Attorneys for Plaintiffs
                        603 Warburton Avenue
                        Hastings-on-Hudson, New York 10706
                        (914) 478-4293